UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- vs –<br><br>KATHERINE PETERSON,<br><br>Defendant. | Criminal No. 22-0621 (MAS)<br><br>**DEFENDANT'S MOTION<br>FOR ADJOURNMENT<br>OF TRIAL DATE<br><u>(WITH CONSENT)</u>** |

     PLEASE TAKE NOTICE that Defendant Katherine Peterson, through her attorneys, Hartmann Doherty Rosa Berman & Bulbulia, LLC (Mark A. Berman, Esq.), hereby moves the Court for entry of an Order adjourning the trial date in this matter to a date to be set by the Court after conferring with counsel, providing defense counsel sufficient time to engage in third-party discovery to attempt to obtain relevant emails that post-date the materials possessed (and produced) by the government, the existence of which was only recently discovered. In support of this application, Defendant relies upon the following:

     1)     Defendant Katie Peterson is charged in a one-count Indictment with conspiracy to commit healthcare fraud and wire fraud, in violation of 18 U.S.C. § 1349.

     2)     The time frame of the conspiracy alleged in the Indictment is "in or around the end of 2013, and continuing through in or around the end of 2018." Indictment ¶ 25.

     3)     On or about May 4, 2017, the government executed search warrants in this investigation, in Florida and Michigan, seizing materials (including electronically stored data) related to entities/pharmacies owned by Defendant Peterson's former co-defendant, James Letko, including A1C.

4) In or about the same time, the government also obtained electronically stored information in the related investigation of entities/pharmacies owned by James Letko's brother, Jon Letko, including Global Health Care Management ("GHCM").

5) On or about November 24, 2017, the government executed a search warrant on Amazon Web Services and seized materials from cloud storage accounts maintained by GHCM.

6) It is Defendant's understanding that the government has produced in discovery in this case all the materials (including electronically stored data) seized from A1C and GHCM.

7) After this case was indicted, counsel for Defendant James Letko took responsibility for uploading all electronic discovery to an internet-based database repository, including the expense of maintaining access to that service.

8) Sometime after Defendant James Letko pleaded guilty in the Eastern District of Michigan, his attorneys transferred control over the electronic database to the Eastern District of Michigan Federal Public Defender's Office, which represents Co-Defendant Steven King, at which point undersigned counsel lost access to the database, including all of counsel's prior work reviewing and tagging documents.

9) When counsel began preparing for trial, counsel realized that he had lost access to the electronic database and arranged with the Federal Public Defender's Office to have it transferred to defense counsel after Steven King's trial.

10) While reviewing electronic materials in preparation for trial, defense counsel realized that a handful of arguably exculpatory emails and documents, from 2018, previously provided to counsel by Defendant Peterson, were not available on the internet repository of government discovery materials.

11)     As a result, defense counsel became concerned that some of the discovery previously provided by the government was not available on the internet repository.

12)     Defense counsel provided the missing documents to the government to attempt to confirm that defense counsel, in fact, had access to all of the electronic discovery previously provided by the government.

13)     Defense counsel then met and conferred with the government and the government confirmed that the government had not produced emails that post-dated the 2017 search warrant executions because the government did not obtain and does not possess any A1C or GHCM emails that post-date the 2017 execution of the aforementioned search warrants.

14)     Because the conspiracy with which Defendant Peterson is charged is alleged to have continued into 2018, and because defense counsel is aware that there are at least some exculpatory email and documents that post-date the government's 2017 search warrant executions, defense counsel believes that, to provide effective assistance of counsel to Defendant Peterrson, it is critical for counsel to at least attempt to subpoena A1C/GHCM's email servers from the post-2017 period covered by the Indictment.

15)     Having made some initial inquiries regarding the current location of A1C/GHCM's email server(s), it is counsel's understanding that: (a) A1C relied on GHCM's email server; (b) in early 2020, Jon Letko instructed GHCM's janitorial staff to move GHCM's email servers from its office to the basement of Jon Letko's then-home in Easton, Pennsylvania so that, in sum and substance, "if anyone wants these servers, they won't be able to get them in my own basement."; (c) Jon Letko has since moved to Colorado; and (d) both A1C and GHCM are out of business.

16) Therefore, it will be challenging and, likely, time consuming for counsel to locate the referenced email servers and, if materials are received, it will take counsel time to produce such materials to the government and for all counsel to review the materials received.

17) Nevertheless, Defendant Peterson prefers to delay the adjudication of this matter, and will consent to a further tolling of the Speedy Trial Act, rather than to go to trial without first attempting to obtain additional materials that might prove to be exculpatory.

18) For these reasons, Defendant hereby requests an adjournment of the current trial date so that counsel is afforded a reasonable amount of time to at least attempt to locate and subpoena the referenced email servers.

19) Counsel for the government consents to this application.

Respectfully submitted,

_____
Mark A. Berman, Esq.

Dated: August 24, 2023

- 5 -

- 5 -