UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KATHERINE PETERSON | Criminal No. 22-621 (MAS)<br><br><u>SECOND AMENDED</u><br><br><u>SCHEDULING ORDER</u> |

This matter having come before the Court for a telephonic conference on May 7, 2024; and the United States being represented by Shankar Ramamurthy, U.S. Department of Justice trial Attorney; and the defendant being represented by Mark A. Berman, Esq.; and the Court having determined that this matter should be scheduled for trial; and for good cause shown,

It is on this <u>7th</u> day of May, 2024, ORDERED that:

1. The parties shall provide all expert disclosures on or before **May 14, 2024**.

2. The Government shall provide its pre-marked exhibits on or before **May 14, 2024**.

   a. The authenticity and chain of custody of the Government's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 4(c).

    b. If the Government discloses the scientific analysis of an exhibit that it proposes to introduce at trial and that analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 4(c).

    c. If the Defendant wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the defendant shall file, on or before **May 17, 2024**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

3. The Defendant shall provide its pre-marked exhibits on or before **May 17, 2024**.

    a. The authenticity and chain of custody of the Defendant's pre-marked exhibits shall be deemed to have been accepted unless an objection is asserted in accordance with paragraph 2(c).

    b. If the Defendant discloses the scientific analysis of an exhibit that the Defendant proposes to introduce at trial and that

analysis has been determined by an expert in the field of science involved, the scientific analysis of the exhibit shall be deemed to have been accepted unless an objection is asserted in the form set forth in paragraph 2(c).

    c. If the Government wishes to contest the authenticity, chain of custody, or scientific analysis of an exhibit, counsel for the Government shall file, on or before **May 22, 2024**, a notice that the authenticity, chain of custody, and/or scientific analysis of the exhibit will be contested at trial together with a statement delineating why the authenticity, chain of custody, and/or scientific analysis of the exhibit is being challenged and a certification that the challenge is being made in good faith.

    4. The parties shall file any *in limine* motions, addressed to the admissibility of evidence, and any *Daubert* motions, on or **May 17, 2024**; responses to such motions may be filed on or before **May 24, 2024**; and any oral argument on such motions will be held at the Court's discretion.

    5. The Government shall provide all material to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, on or before **May 17, 2024** and shall, if it agrees to do so, provide any material to be provided under the Jencks Act, 18 U.S.C. §3500, on or before **May 17, 2024**.

6. Defendant, if she agrees to do so, shall produce all "reverse Jencks" that is required to be disclosed under Federal Rule of Criminal Procedure 26.2 on or before **May 17, 2024**.

7. If the Government intends to offer any Rule 404(b) evidence, the Government shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before **May 17, 2024**. If the Government intends to offer any evidence under Rule 413 or 414, the Government shall provide notice of this evidence on that same date.

8. If the defendant intends to offer any "reverse Rule 404(b)" evidence, the defendant shall provide notice of this evidence in the form delineated in Federal Rule of Evidence 404(b)(2)(A) on or before on or before **May 17, 2024**.

9. The parties shall submit a joint proposed neutral one-paragraph statement of the case on or before **June 10, 2024**.

10. The parties shall electronically file correspondence indicating (a) whether or not they require the use of any of the Court's audio, visual, or other equipment; and (b) whether they intend to bring their own audio, visual, or other equipment, on or before **June 10, 2024**.[1]

11. The parties shall submit (a) a witness list, including the witness's hometown, (b) an exhibit list, and (c) a list of persons expected to be

---

[1] See https://www.njd.uscourts.gov/courtroom-technology for a list of the Court's audio-visual equipment.

mentioned at trial, including the person's hometown, on or before **June 10, 2024**.

12. The parties shall submit joint proposed *voir dire* requests on or before **June 10, 2024**.

13. By **June 10, 2024**, the parties shall file joint proposed jury charges, including without limitation, the elements of the offenses at issue.[2] To the extent that the parties disagree regarding any individual jury charge, the parties must include each party's proposed jury charge directly followed by each party's position with respect to the disputed charge.[3]

14. The parties shall submit all other requests to charge on or before **June 10, 2024**.

15. Defendant shall submit a redacted indictment, if necessary, on or before **June 10, 2024**.

16. The parties shall submit a joint proposed verdict sheet on or before **June 10, 2024**.

---

[2] Counsel shall electronically file the document. In addition, counsel shall submit a Word version directly to: Chambers_of_Judge_Michael_Shipp@njd.uscourts.gov.

[3] Counsel **may not** submit separate documents and/or separate versions of proposed jury instructions. Counsel **must** follow the format required by this Order. The Court understands that the final jury instructions may change based on the evidence introduced at trial. The Court, accordingly, will conduct a charging conference towards the end of the trial. The Court, nevertheless, expects counsel to include **all** potential jury instructions in their joint proposed submission. If appropriate, irrelevant and/or unnecessary instructions can later be deleted.

17.    The Court will conduct a pre-trial telephone status conference on **June 14, 2024,** at **2:30 p.m**.

18.    Jury selection shall commence on **June 24, 2024, at 9:30 a.m.**, and trial shall commence immediately thereafter.

*[signature]*

**Honorable Michael A. Shipp**
**United States District Judge**