UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Katherine Peterson,

        Defendant.

Criminal No. 22-621 (MAS)

Hon. Michael A. Shipp

**UNITED STATES'
OMNIBUS MOTION IN LIMINE**

The United States respectfully moves to preclude testimony or argument regarding several issues that may arise during trial. Prior to filing this motion, the government conferred with counsel for Defendant Katherine Peterson (the "Defendant"), who indicated that Motions 1 and 2 are unopposed, while the Defendant does not concur with the relief sought in Motion 3.

**FACTUAL BACKGROUND**

Defendant Peterson was the Operations Supervisor of a holding company that operated pharmacies and was charged in an indictment for her role in a conspiracy to bill Medicare for medically unnecessary prescription drugs and diabetic testing strips dispensed from the pharmacies.

## MOTION 1

**The Defendant Should be Precluded from Offering Evidence of Any Legitimate Medical Billings, Legitimate Prescriptions, or Other Good Conduct as a Defense to the Charge in the Indictment.**

The Defendant should be precluded from arguing, eliciting on direct or cross-examination, or offering any evidence at trial of specific acts of good conduct, including evidence of: (1) legitimate billing or prescriptions by the Defendant and the companies with which she was affiliated; and (2) the provision of legitimate services by the Defendant and the companies with which she was affiliated. Such evidence is not probative of the issues at trial and will serve only to confuse or to mislead the jury. Further, to the extent such evidence might have any probative value, it should nonetheless be excluded under Federal Rule of Evidence 403, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, and waste of time.

In a fraud case, evidence of other instances where a defendant did *not* commit fraud is irrelevant to the question of whether she *did* commit fraud in the instances alleged. This is a well-settled proposition; the Sixth Circuit and others have repeatedly held that evidence that a defendant engaged in legal, honest conduct some of the time has simply no bearing on whether the defendant engaged in, or had knowledge of, fraudulent conduct charged by the government. *See United States v. Dimora,* 750 F.3d 619, 630 (6th Cir. 2014) ("For the same reasons that prior 'bad acts' may not be used to show predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not

to commit crimes."); *see also United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (affirming district court's ruling precluding the defendant from offering evidence of legitimate business activities because "evidence of good conduct is not admissible to negate fraudulent intent."); *United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (excluding defendant psychologist from offering evidence of legitimate billings in false claims act case because it was irrelevant that the defendant "did not overcharge in every instance in which she had the opportunity to do so"); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish her innocence . . . through proof of the absence of criminal acts on specific occasions."); *United States v. Winograd*, 656 F.2d 279, 284 (7th Cir. 1981) (finding defendant's performance of some legal trades irrelevant to her knowledge of illegal trades).

Here, the government has alleged that the Defendant conspired with others to execute the fraudulent scheme outlined in the indictment, namely by knowingly and willfully submitting claims for prescription drugs and diabetic testing strips that were *ineligible for payment* since the pharmacies did not obtain patient consent for refills or for the transfer of prescriptions between pharmacies. That the pharmacies may have obtained the required consent in some instances during the course of this scheme is irrelevant to the question of the Defendant's guilt with respect to the overall scheme charged in the indictment.

## MOTION 2

### The Defendant Should Be Precluded from Blaming Medicare or Its Contractors for the Fraud.

The Defendant should be precluded from making any argument that because Medicare, by and through Pharmacy Benefit Managers ("PBMs"), paid claims for prescription drugs and diabetic testing strips, or failed to detect the fraud, she and her-co-conspirators could not have defrauded Medicare or known that the scheme was illegal. These kinds of "blame the victim" defenses in a health care fraud case are irrelevant, improper, and should be excluded.

In the context of criminal fraud, even where a "victim is also guilty of negligence," the perpetrator is "no less guilty of fraud" because of such negligence. *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009). "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts." *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) (quoting *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980)).

In recognition of the fact that victims' negligence is irrelevant – as well as prejudicial – courts have taken precautionary measures such as, for example, giving jury instructions, and limiting witness examinations and arguments attempting to excuse criminal conduct on that basis. *See United States v. Thomas*, 377 F.3d 232, 243-44 (2d Cir. 2004) (affirming restrictions on cross-examination of victim; rejecting the defendant's argument that a victim's foolishness vitiated the defendant's fraudulent intent); *United States v. Davis*,

226 F.3d 346, 358-59 (5th Cir. 2000) (affirming jury instruction that "the naiveté, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of a defendant"); *see also United States v. Allen*, 201 F.3d 163, 167 (2d Cir. 2000) ("The victim's negligence in permitting a crime to take place does not excuse the defendant from culpability for her substantive offenses.").

This Court should similarly take steps to prevent the Defendant from blaming Medicare for her ability to victimize it through the alleged fraud scheme. The Defendant should be prohibited from arguing to the jury or presenting evidence suggesting that the failure of Medicare or the PBMs to detect or prevent the fraud is somehow a defense to the charges in the indictment. It is no defense for a bank robber to argue that the bank should have had a more effective security system. Nor can a home invader argue that she committed no crime because the homeowners left their front door unlocked. Such contributory negligence theories simply have no place in criminal law, and the Defendant should not be permitted to suggest otherwise to the jury. This prohibition should extend to any suggestion that Medicare or the PBMs should have discovered the fraud, denied fraudulent claims, or barred the Defendant and/or her corporate entities from submitting claims for reimbursement, or that the failure of Medicare of the PBMs to take any of the aforementioned actions led the Defendant to believe that the fraudulent claims and actions were legitimate. Such evidence would be irrelevant, immaterial, prejudicial, confusing to the jury, and is in no way probative of a legitimate defense to the charged fraud scheme.

**MOTION 3**

**The Defendant Should be Precluded From Making Any Argument or Presenting Any Evidence Concerning Which Other Persons Have or Have Not Been Charged in This or Other Cases.**

This Court should prohibit the Defendant from presenting evidence that other individuals or entities could have been charged in a like manner as the Defendant. The indictment alleges a fraud scheme perpetrated by and through a corporate entity, which had dozens of employees over the course of the scheme, and also conducted business in collaboration with another business entity, which also employed dozens of individuals over the course of the scheme. That the crimes were committed through a business does not allow the Defendant to suggest that she should not be held responsible for her conduct because other persons were not charged with the same or similar conduct. "The government's charging decisions are not proper subjects for cross-examination and argument." *United States v. Carneglia*, No. 08-CR-76, 2009 WL 185725 at *1 (E.D.N.Y. Jan. 27, 2009) (quoting *United States v. Re*, 401 F.3d 828, 832 (7th Cir. 2005)); *see also United States v. Larch*, 399 F. App'x 50, 55-56 (6th Cir. 2010) (guilt of another does not excuse defendant from liability for her own actions).

The identity and number of individuals charged in connection with the Defendant's fraudulent scheme, the reasons behind the government's individualized charging decisions, and the comparative culpability of the Defendant versus others involved in the conspiracy are all irrelevant and unfairly prejudicial subjects that should not be aired before the jury. *See, e.g.*, *United States v. Thompson*, 253 F.3d 700 (5th Cir. 2001), *unpublished* (affirming grant

of motion *in limine* to prevent defense counsel from comparing defendants' conduct with that of uncharged or immunized witnesses); *see also, e.g., Re*, 401 F.3d at 832 (government's exercise of prosecutorial discretion not a proper subject for cross-examination).

The Third Circuit adopts this same position in its Pattern Jury Instructions. Pattern Jury Instructions 1.16 and 3.13 ("Each defendant and each offense should be considered separately") emphasize to the jury the need for independent assessment of the Defendant's crime, without regard to others' guilt. And for good reason; evidence that the government could have charged other individuals with committing similar violations is irrelevant to the jury's deliberation in this case. The particular charging decisions made by the government are informed by a variety of factors, unique to each prospective defendant. Critically, the charging decisions made regarding one individual do not necessarily implicate the guilt or innocence of another. If the Defendant here seeks to introduce evidence of these charging decisions, she would be merely distracting from the true issue in this trial: whether *this defendant* committed the crime with which she is charged in the indictment. Such argument or examination before the jury would serve no other purpose than to prejudice the jury against the government by raising issues of prosecutorial discretion that have nothing to do with the crimes charged or the evidence presented *in this case*.

Accordingly, the Defendant should be precluded from making arguments or comments to the jury, and from eliciting statements on cross-examination,

that are irrelevant to the record evidence and crimes charged that are, instead, designed to encourage a verdict in disregard of the law.

Respectfully submitted,                                    Dated: May 17, 2024

GLENN S. LEON
Chief, Fraud Section

DUSTIN M. DAVIS
Chief, Health Care Fraud Unit

DAWN N. ISON
United States Attorney

*s/ Shankar Ramamurthy*
SHANKAR RAMAMURTHY
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
211 W. Fort St., Suite 2001
Detroit, MI 48226
(202) 924-5368

**CERTIFICATE OF SERVICE**

      I certify that on May 17, 2024, I caused the foregoing document to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the defendant.

                              *s/ Shankar Ramamurthy*
                              SHANKAR RAMAMURTHY
                              Trial Attorney
                              United States Department of Justice
                              Criminal Division, Fraud Section
                              211 W. Fort St., Suite 2001
                              Detroit, MI 48226
                              (202) 924-5368