**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| | : | |
| v. | : | Crim. No. 22-621 (MAS) |
| | : | |
| KATHERINE PETERSON | : | |

---

JOINT PROPOSED JURY INSTRUCTIONS[1]

---

[1] The parties have disagreement on the inclusion of two instructions. Defendant Katherine Peterson objects to the inclusion of Request 32 (Willful Blindness). The United States objects the inclusion of Request 33 (Good Faith Defense). The parties reserve the right to request and/or object to additional jury instructions based upon developments at trial.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT AND OBJECTIONS ............................................... 4

REQUEST 1: ROLE OF THE JURY.................................................................. 5

REQUEST 2: EVIDENCE ............................................................................... 8

REQUEST 3 : DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................... 111

REQUEST 4: CREDIBILITY OF WITNESSES ................................................ 133

REQUEST 5: NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED............ 166

REQUEST 6: PRESUMPTION OF INNOCENCE; BURDEN OF PROOF;
     REASONABLE DOUBT ........................................................................ 177

REQUEST 7: NATURE OF THE INDICTMENT ................................................ 19

REQUEST 8: IN OR AROUND AND ON OR ABOUT ....................................... 20

REQUEST 9: USE OF THE CONJUNCTIVE IN THE INDICTMENT  ............... 21

REQUEST 10: OPINION EVIDENCE (EXPERT WITNESSES) *[IF APPLICABLE]*222

REQUEST 11: CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER
................................................................................................................... 233

REQUEST 12: CREDIBILITY OF WITNESSES – WITNESS WHO HAS PLEADED
     GUILTY TO SAME OR RELATED OFFENSE, ACCOMPLICES,
     COOPERATING WITNESSES ............................................................... 244

REQUEST 13: DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT
     EVIDENCE  *[IF APPLICABLE]*................................................................ 266

REQUEST 14: DEFENDANT's TESTIMONY *[IF APPLICABLE]*......................... 27

REQUEST 15: Count ONE - CONSPIRACY TO COMMIT HEALTH CARE FRAUD
     and Wire Fraud – ELEMENTS OF THE OFFENSE (18 U.S.C. § 1349)...... 28

REQUEST 16: UNANIMITY REQUIREMENT ................................................. 30

REQUEST 17: HEALTH CARE FRAUD – ELEMENTS OF THE OFFENSE (18
     U.S.C. §1347)........................................................................................ 31

REQUEST 18: HEALTH CARE FRAUD – "INTENT TO DEFRAUD" DEFINED... 32

REQUEST 19: HEALTH CARE FRAUD – AFFECTING INTERSTATE COMMERCE
................................................................................................................... 33

REQUEST 20: WIRE FRAUD – ELEMENTS OF THE OFFENSE (18 U.S.C.
     §1343)  ................................................................................................. 34

REQUEST 21: WIRE FRAUD, FIRST ELEMENT—"SCHEME TO DEFRAUD OR
     TO OBTAIN MONEY OR PROPERTY" DEFINED ...................................... 35

REQUEST 22: WIRE FRAUD, SECOND ELEMENT—DEFINITION OF "INTENT

TO DEFRAUD" ......................................................................................... 37

REQUEST 23: CONSPIRACY – MENTAL STATES ........................................... 38

REQUEST 24: CONSPIRACY – ACTS AND STATEMENTS OF CO-
     CONSPIRATORS ...................................................................................... 39

REQUEST 25: CONSPIRACY – EXISTENCE OF AN AGREEMENT ................. 40

REQUEST 26: CONSPIRACY – MEMBERESHIP IN THE AGREEMENT .......... 42

REQUEST 27: CONSPIRACY – MENTAL STATES ........................................... 44

REQUEST 28: CONSPIRACY — SUCCESS IMMATERIAL ............................... 45

REQUEST 29: STATE OF MIND .................................................................... 46
REQUEST 30: KNOWINGLY ........................................................................ 47

REQUEST 31: INTENTIONALLY .................................................................. 48

REQUEST 32: WILLFUL BLINDNESS (DELIBERATE IGNORANCE) ............... 49

REQUEST 33: GOOD FAITH ........................................................................ 51
REQUEST 34: DEFENDANT'S CHARACTER EVIDENCE *[IF APPLICABLE]* ...... 53

REQUEST 35: DELIBERATIONS .................................................................... 54

REQUEST 36: VERDICT FORM .................................................................... 57

## PRELIMINARY STATEMENT AND OBJECTIONS

The United States and Defendant Katherine Peterson (the "Parties") respectfully jointly submit these preliminary instructions, requests to charge regarding general matters of law, the essential elements of the crime charged in the Indictment, and certain matters of evidence that are relevant to this case.  In addition, the Parties respectfully request that the Court instruct the jury as to other general matters in accordance with the Court's customary practice. Finally, the Parties respectfully request leave of the Court to submit additional requests to charge should such submission be warranted by subsequent developments in the trial.

## REQUEST 1

## ROLE OF THE JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it, or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up your own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case.  You also cannot learn from

outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as the telephone, a mobile phone, smart phone, iPhone, iPad, tablet, or computer), the Internet, any text or instant messaging service, or any social media apps (such as Internet chat rooms, blogs, Facebook, Instagram, LinkedIn, YouTube, Snapchat, TikTok, Twitter, or X) to research or communicate about what you have seen and heard in this courtroom. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

These restrictions continue during your deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find on the internet or through social media might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you have heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors in the jury room during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you

decide this case based solely on the evidence presented during the trial, without being influenced by anything or anyone outside of this courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

Perform these duties fairly and impartially.   Do not allow sympathy, prejudice, fear, or public opinion to influence you.   You should also not be influenced by any person's race, color, religion, national ancestry, or gender.[2]

---

[2] Slightly modified from Third Circuit Model Criminal Jury Instructions, 3.01.

7

**REQUEST 2**

**EVIDENCE**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

(4) Any facts that have been judicially noticed—that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it

8

in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial, the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.[3]

---

[3] Third Circuit Model Criminal Jury Instructions, 3.02.

**REQUEST 3**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if a witness testified that she had been outside and saw that it was raining, that testimony would be direct evidence that it was raining.  On the other hand, if a witness testified that she saw someone walk in from outside wearing a wet raincoat and carrying a wet umbrella, that testimony would be circumstantial evidence from which you could reasonably infer that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.

11

The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.[4]

---

[4] Third Circuit Model Criminal Jury Instructions, 3.03.

## REQUEST 4

## CREDIBILITY OF WITNESSES

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable

14

the witnesses were, and how much weight you think their testimony deserves.[5]

---

[5] Third Circuit Model Criminal Jury Instructions, 3.04.

## **REQUEST 5**

### **NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[IF APPLICABLE]* In this case, the defendant [presented evidence] [produced witnesses].  The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.[6]

---

[6] Third Circuit Model Criminal Jury Instructions, 3.05.

16

## REQUEST 6

## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

The defendant, Katherine Peterson, pleaded not guilty to the offense charged. She is presumed to be innocent. She started the trial with a clean slate, with no evidence against her. The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that she is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that she is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that she is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. The defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable

doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.[7]

---

[7] Third Circuit Model Criminal Jury Instructions, 3.06.

## REQUEST 7

### NATURE OF THE INDICTMENT

The defendant, Katherine Peterson, is charged in the indictment with violating federal law, specifically Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime the defendant is accused of committing.  An indictment is simply a description of the charge against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Ms. Peterson has been indicted in making your decision in this case.[8]

---

[8] Third Circuit Model Criminal Jury Instructions, 3.07.

19

## **REQUEST 8**

### **IN OR AROUND AND ON OR ABOUT**

You will note that the Indictment charges that the offense was committed "in or around" and "on or about" certain dates.  The government does not have to prove with certainty the exact dates of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.[9]

---

[9] Third Circuit Model Criminal Jury Instructions, 3.08.

## **REQUEST 9**

### **USE OF THE CONJUNCTIVE IN THE INDICTMENT**

You will note that the word "and" is used between certain charging words in the Indictment.  For example, Count 1 of the Indictment charges that the defendant did "combine, conspire, confederate, <u>and</u> agree" with others to do certain unlawful things.  However, even though the word "and" appears in the Indictment in this manner, the government need not prove that the defendant combined <u>and</u> conspired <u>and</u> confederated <u>and</u> agreed.  It is sufficient for the government to prove that the defendant combined <u>or</u> conspired <u>or</u> confederated <u>or</u> agreed with others.  That is, you should treat the conjunctive "and" as it appears in the Indictment as being the disjunctive "or."

An important exception to this rule is the portion of counts that charge that the defendant acted with certain mental states (for instance, "knowingly and willfully").  Therefore, you must find that the government proved each of the required mental states beyond a reasonable doubt in order to find the defendant guilty on Count One.[10]

---

[10] *See United States v. O'Grady*, 280 F. App'x 124, 132 (3d Cir. 2008).

# **REQUEST 10**

## **OPINION EVIDENCE (EXPERT WITNESSES)** *[IF APPLICABLE]*

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

[In this case you heard testimony from Gregory Kim.  Because of his knowledge, skill, experience, training, or education in the fields of the Medicare Program and Medicare rules and regulations, particularly concerning pharmacies that submit claims to Medicare, Mr. Kim was permitted to offer opinions in that field and the reasons for those opinions.]

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony, you may consider the witnesses' qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that their opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.[11]

---

[11] Third Circuit Model Criminal Jury Instructions, 4.08.

## **REQUEST 11**

**CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER**

You have heard the testimony of a law enforcement officer, specifically Special Agent *Michael Pemberton*.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.[12]

---

[12] Third Circuit Model Criminal Jury Instructions, 4.18.

**REQUEST 12**

**CREDIBILITY OF WITNESSES – WITNESS WHO HAS PLEADED GUILTY TO
SAME OR RELATED OFFENSE, ACCOMPLICES, COOPERATING
WITNESSES**

You have heard evidence that several witnesses are individuals who say
they participated in the crimes charged, have entered plea agreements with the
government, and are testifying pursuant to a cooperation agreement with the
government.

These witnesses' testimonies were received in evidence and may be
considered by you. The government is permitted to present the testimony of
someone who has reached a plea bargain with the government, and who has
received a promise from the government pursuant to a cooperation agreement,
but you should consider such testimony with great care and caution. In
evaluating this testimony, you should consider this factor along with the others
I have called to your attention. Whether or not this testimony may have been
influenced by the plea agreements or cooperation agreements is for you to
determine. You may give this testimony such weight as you think it deserves.

You must not consider the guilty pleas as any evidence of the defendant
Katherine Peterson's guilt. The decision to plead guilty was a personal decision
about each witness's <u>own</u> guilt. Such evidence is offered only to allow you to
assess the credibility of the witness; to eliminate any concern that the defendant
has been singled out for prosecution; and to explain how the witness came to

possess detailed first-hand knowledge of the events about which she testified. You may consider these individuals' guilty pleas only for these purposes.[13]

---

[13] Third Circuit Model Criminal Jury Instructions, 4.19.

## REQUEST 13

**DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE**
***[IF APPLICABLE]***

The defendant did not testify [and did not present evidence] in this case. A defendant has an absolute constitutional right not to testify [or to present any evidence]. The burden of proof remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that she is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against her because she did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.[14]

---

[14] Third Circuit Model Criminal Jury Instructions, 4.27.

## **REQUEST 14**

### **DEFENDANT'S TESTIMONY *[IF APPLICABLE]***

In a criminal case, the defendant has a constitutional right not to testify. However, if she chooses to testify, she is, of course, permitted to take the witness stand on her own behalf.  In this case, the defendant testified.  You should examine and evaluate her testimony just as you would the testimony of any witness.[15]

---

[15] Third Circuit Model Criminal Jury Instructions, 4.28.

## REQUEST 15

## COUNT ONE - CONSPIRACY TO COMMIT HEALTH CARE FRAUD AND WIRE FRAUD – ELEMENTS OF THE OFFENSE (18 U.S.C. § 1349)

Count 1 of the Indictment charges that, from in or around the end of 2013, and continuing through on or about the end of 2018, the defendant agreed or conspired with one or more other persons to commit health care fraud and wire fraud.

It is a federal crime for two or more persons to conspire to commit health care fraud or wire fraud, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to commit health care fraud or wire fraud, you must find that the government proved beyond a reasonable doubt each of the following three elements:

First: That two or more persons agreed to commit the crime of health care fraud or the crime of wire fraud. I will explain the elements of those offenses to you shortly.

Second: That the defendant Katherine Peterson was a party to or member of that agreement.

Third: That the defendant Katherine Peterson joined in the agreement or conspiracy knowing of its objective to commit health care fraud or wire fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant Katherine Peterson and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the common goal or objective of committing health care fraud or wire fraud.

28

I will explain these elements in more detail.[16]

---

[16] Modified from Third Circuit Model Criminal Jury Instructions, 6.18.371A.

## REQUEST 16

## UNANIMITY REQUIRED AS TO UNDERLYING OBJECTIVE

The Indictment alleges two underlying crimes as the objects of the charged conspiracy: health care fraud and wire fraud.

The government does not have to prove that the alleged conspirators agreed to commit both of these underlying crimes for you to find defendant Katherine Peterson guilty. The government, however, must prove that the conspirators agreed to commit at least one of the object crimes, and to find defendant Katherine Peterson guilty you must unanimously agree as to which of the crimes, or both. For example, it is not enough if only some of you agree that health care fraud was the objective of the conspiracy but others agree that wire fraud was the objective of the conspiracy.  Rather, you must unanimously agree that the government has proved beyond a reasonable doubt the same underlying object crime in order to conclude that the government has satisfied this element of the charged conspiracy offense.[17]

---

[17] Modified from *United States v. Seigler*, 990 F.3d 331 (4th Cir. 2021); *United States v. Bonner*, No. 1:09-CR-72, 2014 U.S. Dist. LEXIS 156791, 2014 WL 5795601 (M.D. Pa. Nov. 6, 2014).

**REQUEST 17**

**HEALTH CARE FRAUD – ELEMENTS OF THE OFFENSE (18 U.S.C. §1347)**

Count 1 of the Indictment charges the defendant with conspiracy to commit health care fraud, which is a violation of federal law.

The crime of health care fraud consists of three elements:

<u>First:</u>  That the defendant knowingly devised or participated in a scheme to defraud Medicare, or to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of Medicare, in connection with the delivery of or payment for health care benefits, items, or services;

<u>Second:</u>  That the defendant acted with the intent to defraud; and

<u>Third:</u> That Medicare was a public plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual.[18]

---

[18] Modified from Third Circuit Model Criminal Jury Instructions, 6.18.1347.

31

## **REQUEST 18**

### **HEALTH CARE FRAUD – "INTENT TO DEFRAUD" DEFINED**

With regard to Count 1 of the Indictment, the second element of health care fraud is that the defendant acted with the intent to defraud Medicare.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to herself or someone else at the expense of Medicare or with a desire or purpose to cause some loss to Medicare.[19]

---

[19] Modified from Third Circuit Model Criminal Jury Instructions, 6.18.1347-1.

## **REQUEST 19**

**HEALTH CARE FRAUD – AFFECTING INTERSTATE COMMERCE**

The government must prove beyond a reasonable doubt that the public plan or contract affected or could have affected interstate commerce.  Affecting interstate commerce means any action, which in any way, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.  The effect can be minimal.[20]

---

[20] Third Circuit Model Criminal Jury Instructions, 6.18.1347-2.

**REQUEST 20**

**WIRE FRAUD – ELEMENTS OF THE OFFENSE (18 U.S.C. §1343)**

Count 1 of the Indictment also charges the defendant with conspiracy to commit wire fraud, which is a violation of federal law.

The crime of wire fraud consists of three elements:

First: That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

Second: That the defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.[21]

---

[21] Mod. Crim. Jury Instr. 3rd Cir. 6.18.1343 (2023).

## REQUEST 21

**WIRE FRAUD, FIRST ELEMENT—"SCHEME TO DEFRAUD OR TO OBTAIN MONEY OR PROPERTY" DEFINED**

The first element of wire fraud is that the defendant knowingly devised a scheme to defraud Medicare of money or property by materially false or fraudulent pretenses, representations, or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the Indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, and claims. The representations which the government charges were made as part of the scheme to defraud are set forth in the Indictment.

The government is not required to prove every misrepresentation charged in the Indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict a defendant unless all of you agree as to at least one of the material misrepresentations.

35

A statement or representation is false if it is untrue when it was made and if the person making the statement or representation or causing it to be made knew it was untrue at the time it was made.  A statement or representation is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly held may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial, which means unimportant.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.[22]

---

[22] Mod. Crim. Jury Instr. 3rd Cir. 6.18.1341-1 (2023).

## **REQUEST 22**

### **WIRE FRAUD, SECOND ELEMENT—DEFINITION OF "INTENT TO DEFRAUD"**

The second element of wire fraud is that the defendant acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.  In considering whether the defendant acted with an intent to defraud, you may consider, among other things, whether the defendant acted with a desire or purpose to bring about some gain or benefit to themselves or someone else or with a desire or purpose to cause some loss to someone.[23]

---

[23] Third Circuit Model Criminal Jury Instruction, § 6.18.1341-4.

## **REQUEST 23**

## **CONSPIRACY—MENTAL STATES**

In order to find the defendant guilty of the health care fraud and wire fraud conspiracies alleged in Count 1of the Indictment you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective(s) and intending to help further or achieve those objectives. That is, the government must prove: (1) that the defendant knew of the objectives or goals of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent.  For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objectives might tend to show that the defendant had the required intent or purpose that the conspiracy's objectives be achieved.[24]

---

[24] Third Circuit Model Criminal Jury Instructions 6.18.371E.

38

## REQUEST 24

### CONSPIRACY—ACTS AND STATEMENTS OF CO-CONSPIRATORS

Evidence has been admitted in this case that certain persons, who are alleged in the Indictment to be co-conspirators of the defendant, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without her knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before the defendant joined the alleged conspiracy may also be considered by you as evidence against the defendant. However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.[25]

---

[25] Third Circuit Model Criminal Jury Instructions 6.18.371K.

**REQUEST 25**

**CONSPIRACY – EXISTENCE OF AN AGREEMENT**

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracies, that is to commit the offense of health care fraud or wire fraud.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished.  The government is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish the common and unlawful objective charged in the Indictment, that is, to commit the offense of health care fraud or wire fraud.

You may consider both direct evidence and circumstantial evidence in

40

deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.[26]

---

[26] Modified from Third Circuit Model Criminal Jury Instructions, 6.18.371C.

## REQUEST 26

## CONSPIRACY – MEMBERSHIP IN THE AGREEMENT

If you find that a criminal agreement or conspiracy existed, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that this defendant, Katherine Peterson, knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the defendant Katherine Peterson knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that she knew everyone involved in it, or that she was a member from the beginning.  The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective.  Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if she approved of what was happening or did not object to it.  Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not

42

necessarily prove that she joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.[27]

---

[27] Third Circuit Model Criminal Jury Instructions, 6.18.371D.

## REQUEST 27

## CONSPIRACY – MENTAL STATES

In order to find the defendant Katherine Peterson guilty of conspiracy you must find that the government proved beyond a reasonable doubt that she joined the conspiracy knowing of its objective and intending to help further or achieve that objective.  That is, the government must prove: (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent.  For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that she had the required intent or purpose that the conspiracy's objective be achieved.[28]

---

[28] Third Circuit Model Criminal Jury Instructions, 6.18.371E.

44

## REQUEST 28

### CONSPIRACY – SUCCESS IMMATERIAL

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed the crimes of health care fraud or wire fraud. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.[29]

---

[29] Third Circuit Model Criminal Jury Instructions, 6.18.371G.

## REQUEST 29

## PROOF OF REQUIRED STATE OF MIND

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, the defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendant's state of mind at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that she intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts she knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.[30]

---

[30] Third Circuit Model Criminal Jury Instructions, 5.01.

## **REQUEST 30**

### **KNOWINGLY**

The offense charged in the Indictment requires that the government prove that the defendant acted "knowingly" with respect to certain elements of the offense.  A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that the defendant Katherine Peterson was conscious and aware of the nature of her actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what she said, what she did and failed to do, how she acted, and all the other facts and circumstances shown by the evidence that may prove what was in defendant's mind at that time.  As I have previously instructed, however, you may not consider the defendant's choice not to testify, or her exercise of her constitutional right to remain silent, in any way.

The government is not required to prove that the defendant knew her acts were against the law.[31]

---

[31] Third Circuit Model Criminal Jury Instructions, 5.02.

## **REQUEST 31**

## **INTENTIONALLY**

The offense of conspiracy to commit health care fraud or wire fraud charged in the Indictment require that the government prove that the defendant acted "intentionally" with respect to certain elements of the offense.  This means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that she was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally," you may consider evidence about what the defendant said, what she did and failed to do, how she acted, and all the other facts and circumstances shown by the evidence that may prove what was in defendant's mind at that time.[32]

---

[32] Third Circuit Model Criminal Jury Instructions, 5.03.

48

## REQUEST 32[33]

### WILLFUL BLINDNESS (DELIBERATE IGNORANCE)

To find the defendant guilty of conspiracy to commit health care fraud or conspiracy to commit wire fraud, you must find that the government proved beyond a reasonable doubt that the defendant knowingly and voluntarily entered into an agreement to defraud. In this case, there is a question whether the defendant knew her actions were defrauding Medicare. When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that the defendant knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed her eyes to what would otherwise have been obvious to her.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that the defendant knew that her actions resulted in defrauding Medicare based on evidence which proves that: (1) the defendant herself subjectively believed that there was a high probability that her actions would result in defrauding Medicare, and (2) the defendant consciously used deliberate efforts to avoid knowing about the existence of the fact that her actions would result in defrauding Medicare.

You may not find that the defendant knew her actions were defrauding Medicare if you find that the defendant actually believed that her actions were not defrauding Medicare. Also, you may not find that the defendant knew her

---

[33] Defendant Katherine Peterson objects to the inclusion of this instruction.

49

actions were defrauding Medicare if you find only that the defendant consciously disregarded a risk that her actions could defraud Medicare, or that the defendant should have known that Medicare was being defrauded, or that a reasonable person would have known of a high probability that Medicare was being defrauded.  It is not enough that the defendant may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.  You must find that the defendant herself subjectively believed there was a high probability that her actions were defrauding Medicare, used deliberate efforts to avoid knowing about it, and did not actually believe that it did not exist.[34]

---

[34] Third Circuit Model Criminal Jury Instructions, 5.06.

**REQUEST 33[35]**

**GOOD FAITH DEFENSE**

The offense of conspiracy to commit health care fraud or wire fraud charged in the Indictment requires proof that the defendant Katherine Peterson knowingly participated in a scheme to defraud and acted with intent to defraud. If you find that the defendant Katherine Peterson acted in "good faith," that would be a complete defense to the charged offense, because good faith on the part of Ms. Peterson would be inconsistent with her acting with intent to defraud.

A person acts in "good faith" when she has an honestly held belief, opinion, or understanding that her acts were not fraudulent, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect.  Thus, in this case, if the defendant, Ms. Peterson, made an honest mistake or had an honest misunderstanding about the nature of her own acts then she did not have the intent to defraud.

The defendant Katherine Peterson does not have the burden of proving "good faith."   Good faith is a defense because it is inconsistent with the requirement of the offense charged, that she acted knowingly and with intent to defraud.  As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental element.  In deciding whether the government proved that Katherine Peterson acted with knowingly and with intent to defraud or, instead, whether she acted in good faith, you should consider all of the evidence presented in the case that may bear

---

[35] The United States objects to the inclusion of this instruction.

on the Katherine Peterson's state of mind.  If you find from the evidence that Katherine Peterson acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Katherine Peterson acted knowing and with intent to defraud, you must find the defendant Katherine Peterson not guilty of the charged offense.[36]

---

[36] Third Circuit Model Criminal Jury Instruction, § 5.07.

## **REQUEST 34**

**DEFENDANT'S CHARACTER EVIDENCE *[IF APPLICABLE]***

You have heard *(reputation and opinion)* evidence about whether the defendant has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.).*

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges beyond a reasonable doubt.[37]

---

[37] Third Circuit Model Criminal Jury Instructions, 4.39.

## REQUEST 35

## DELIBERATIONS

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offense charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find the defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved the defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should not consider the possible punishment that might be imposed if you return a verdict of guilty.  Similarly, you should not consider the possible lack of punishment if you return a verdict of not guilty.[38]

Fourth:  As I have said before, your verdict must be based only on the

---

[38] Final Charge in *United States v. Roberts, et al.*, Criminal No. 19–134 (FLW) (Oct. 4, 2021).

evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may

not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

<u>Seventh:</u>  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit.[39]

---

[39] Third Circuit Model Criminal Jury Instructions, 3.16.

## **REQUEST 36**

## **VERDICT FORM**

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the defendant is guilty, you must indicate which object—health care fraud, wire fraud, or both—the government has proven. If you decide that the government has not proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.[40]

---

[40] Third Circuit Model Criminal Jury Instructions, 3.17.